UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME McDAVIS,                    :

      Petitioner             :
                                  CIVIL ACTION NO. 3:15-0725

   v.                                  :
                                  (Judge Mannion)

Warden VINCE MOONEY                :

      Respondent             :

## MEMORANDUM

**I.   Background**

Petitioner, Jerome McDavis, an inmate currently confined in the State Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1, petition). He states his placement "in segregation[1] is in violation of Jan. 6, 2015 DOC Settlement", and the institution "refuses to acknowledge the Jan. 6, 2015 DOC Settlement." Id. Petitioner believes that he "should of been transferred as the Supt. said but he said he will leave [Petitioner] here to make sure [he] does life in the hole." Id. Petitioner alleges that SCI-Coal

---

[1] Attached as exhibits to Petitioner's habeas petition is a Response to a Misconduct Appeal filed by Petitioner and another Report, indicating that Petitioner was placed in segregation due to institutional misconduct. (See Doc. 1, at 2-3).

Township "is in violation of APA[2] Act." Id. For relief, he seeks to be released from segregation. Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a

---

[2]Administrative Procedure Act (the "APA"), 5 U.S.C. §701 et seq.

prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to his placement in segregation is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner believes that he has been wrongly confined in segregation. This placement, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2254, but rather must be pursued through the filing of a civil rights action pursuant to 42 U.S.C. §1983. See, e.g., Leamer, 288 F.3d at 542 ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length

3

of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate"); Spruill v. Rosemeyer, 36 App'x 488, 489 (3d Cir. 2002). ("There are no material differences for purposes of this appeal between appellant's claims—that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring him to a higher security prison in retaliation for exercising his First Amendment Rights—and the claims in Leamer. The appellant challenges the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action."). Accordingly, the claims in the instant petition are not appropriate under a §2254 petition and will be dismissed without prejudice to any right Petitioner may have to reassert his present claims in a properly filed civil rights complaint.[3] See Wool v. York Cnty. Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (M.D.

---

[3]In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.

Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

## IV.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

                s/ *Malachy E. Mannion*
                **MALACHY E. MANNION**
                **United States District Judge**

**Dated: May 5, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0725-01.wpd